IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TINA ATKINSON , RICHARD HALL,
and SHELLY PRIMUS,**
Individually and On Behalf of All Others
Similarly Situated**,**

Plaintiffs,

vs.

**TELETECH, L.L.C., TELETECH@HOME, INC.**
and **KENNETH TUCHMAN,**

Defendants.

**COLLECTIVE ACTION/CLASS
ACTION COMPLAINT
JURY DEMAND**

Case No. 3:14-cv-00253

## COMPLAINT AND JURY DEMAND

Plaintiffs, **TINA ATKINSON, RICHARD HALL**, and **SHELLY PRIMUS**, individually and on behalf of all others similarly situated, by and through Plaintiffs' attorneys, JTB LAW GROUP, L.L.C., SOMMERS SCHWARTZ, P.C., and BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP, and for Plaintiffs' Complaint, alleges of Plaintiffs' own knowledge and conduct and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action, individually and on behalf of all others similarly situated, to recover monetary damages, liquidated damages, interest and costs, including reasonable costs and attorneys' fees as a result of **TELETECH, L.L.C., TELETECH@HOME, INC.** and **KENNETH TUCHMAN,** (collectively "Defendants") willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Connecticut Minimum Wage Act

("CMWA"), Conn. Gen. Stat. §§ 31-58, et seq., the Arkansas Minimum Wage Act ("AMWA"), A.C.A. §§ 11-4-201, et seq., the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, and the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA") (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts").

2. Plaintiffs bring this action individually, and on behalf of all others similarly situated, in connection with Defendants' violation of their statutory obligations to pay Plaintiffs and similarly situated employees minimum wage for each hour worked, gap time pay at their regular rate of pay for hours worked less than 40 for which they have not been paid, and overtime compensation at a rate of time and a half (1.5) of their regular rate of pay for work in excess of forty (40) hours per week pursuant to 29 U.S.C. § 207(a);Conn. Gen. Stat. §§ 31-58, 31-60, A.C.A. §§ 11-4-210, 11-4-211, and O.R.C. §§ 4111.01, 4111.03 and 4111.10.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants willfully and intentionally committed widespread violations of the above-described federal and state wage and hour statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.

7. As to claims under state law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

8. This Court also has jurisdiction over Plaintiff's state law class claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The aggregate claims of the individual Class members exceed the sum value of $5,000,000 exclusive of interest and costs, there are believed to be in

excess of 100 Class members, and this is a case in which more than two-thirds of the proposed Class members and Defendants are citizens of different states.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because one of the named Plaintiffs resides in this District and a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

8. Defendant, **TELETECH, L.L.C.,** is a domestic business corporation organized and existing under the laws of the State of Connecticut and maintains their headquarters at 10 YORKSHIRE LN, AVON, CT, 06001.

9. Defendant, **TELETECH@HOME, INC.** is a foreign business corporation organized and existing under the laws of the State of Colorado and maintains their headquarters at 9197 S. PEORIA STREET, ENGLEWOOD, CO, 80112.

10. Defendant, **KENNETH TUCHMAN** is an owner, Chairman and Chief Executive Officer of **TELETECH, L.L.C.** and **TELETECH@HOME, INC.**

11. At all relevant times herein, Plaintiff **TINA ATKINSON** was and is a resident of the State of Ohio and resides in Springfield (Clark County) within the Southern District of Ohio.

12. At all relevant times herein, Plaintiff **SHELLY PRIMUS** was and is a resident of the State of Connecticut.

13. At all relevant times herein, Plaintiff **RICHARD HALL** was and is a resident of the District of Arkansas and the State of Arkansas.

14. Plaintiff **TINA ATKINSON** was employed by Defendants as an hourly paid At-Home Customer Service Agent ("CSA") during the applicable statutory period.

15. Plaintiff **SHELLY PRIMUS** was employed by Defendants as an hourly paid At-

3

Home Customer Service Agent ("CSA") during the applicable statutory period.

16. Plaintiff **RICHARD HALL** was employed by Defendants as an hourly paid At-Home Customer Service Agent ("CSA") during the applicable statutory period.

## FACTUAL ALLEGATIONS

18. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint, as if fully set forth herein.

19. The primary job responsibility of Plaintiffs and other similarly situated CSAs employed by Defendants during the applicable statutory period was to provide customer assistance and to handle and direct calls.

20. **TELETECH, L.L.C.** operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

21. At all times relevant hereto, **TELETECH, L.L.C.** has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s)(1).

22. **TELETECH@HOME, INC.** operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

23. At all times relevant hereto, **TELETECH@HOME, INC.** has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s)(1).

24. At all times material and relevant herein, Defendants **TELETECH, L.L.C., TELETECH@HOME, INC.,** and **KENNETH TUCHMAN** were jointly the "employer" of Plaintiffs and similarly situated employees within the meaning of 29 U.S.C §203(d); Conn. Gen. Stat. §§ 31-58; A.C.A. §§ 11-4-203; O.R.C. § 4.111.03.

25.	At all times material and relevant herein, Defendants hired Plaintiffs.

26.	At all times material and relevant herein, Defendants hired all CSAs.

27.	At all times material and relevant herein, Defendants controlled the CSAs' work schedules and conditions of employment.

28.	At all times material and relevant herein, Defendants determined the rate and method of the payment of wages.

29.	At all times material and relevant herein, Defendants controlled the work schedules, duties, protocols, applications, assignments, and conditions of employment of Plaintiffs and other CSAs.

30.	At all times material and relevant herein, Plaintiffs and all other CSAs were classified as non-exempt from overtime by Defendants.

31.	At all times material and relevant herein, Plaintiffs and all other CSAs were paid an hourly rate of compensation.

32.	At all times material and relevant herein, Plaintiffs and all other CSAs were forced to work hours for which they were not fully compensated, commonly referred to as "off the clock" work.

33.	At all times material and relevant herein, Plaintiffs and similarly situated CSAs were regularly forced to work off the clock without compensation in violation of the FLSA, CMWA, AMWA, Ohio Acts, and state common law as a result of multiple minutes every day which they were required to spend booting up their computers and shutting down their computers.

34.	The time spent booting up the computers and shutting down the computers was necessary for plaintiffs and similarly situated CSAs to perform their jobs, was required by Defendants, and solely benefited Defendants.

35. Upon information and belief, during the applicable statutory period, Defendants employed at least One Thousand Five Hundred (1,500) CSAs.

36. At all relevant times herein, Defendants maintained control, oversight, and direction over the Plaintiff and the putative members of the proposed class, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

37. Plaintiff and similarly situated employees were required by Defendants and regularly worked over forty (40) hours per week.

38. Upon information and belief, at all times material and relevant herein, Defendants failed to keep full and accurate records of Plaintiffs' and similarly situated employees' hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6; Conn. Gen. Stat. § 31-66; A.C.A. § 11-4-217; O.R.C. § 4.111.08.

39. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith.

40. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in conformity with and/or in reliance on any written administration, regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any State Department of Labor, other State administrative agency, or any administrative practice or enforcement policy of such departments.

41. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in conformity with and/or in reliance on any legal professional's verbal or written opinion.

42. Defendants' widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## CLASS ACTION ALLEGATIONS

43. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

44. Plaintiffs bring this action individually and on behalf of all other similarly situated employees, who were/are affected by Defendants' willful and intentional violation of the FLSA, CMWA, AMWA, and Ohio Acts as described in this Complaint.

45. Plaintiffs bring this collective and class action to recover monetary damages owed by Defendants to Plaintiffs and members of the putative Collective and Class for all unpaid hours worked and overtime compensation for hours in a work week in excess of forty (40) pursuant to the FLSA, CMWA, AMWA, and the Ohio Acts.

46. Plaintiffs bring this claim for relief for violations of the FLSA as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), for relief for violations of the CMWA as a class action pursuant to Rule 23, for relief for violations of the AMWA as a class action under Rule 23, and for relief for violations of the Ohio Acts as a class action pursuant to Rule 23.

47. The FLSA Collective is defined as follows: **All Customer Service Agents of Teletech from July 2011 through present who worked from home in the United States and were required to boot up their computer and shut down their computer without being paid for the time.**

48. The CMWA Rule 23 Class is defined as follows: **All Customer Service Agents of Teletech from July 2011 through present who worked from home in the State of Connecticut and were required to boot up their computer and shut down their computer without being paid for the time.**

49. The AMWA Rule 23 Class is defined as follows: **All Customer Service Agents of Teletech from July 2011 through present who worked from home in the State of Arkansas and were required to boot up their computer and shut down their computer without being paid for the time.**

50. The Ohio Acts Rule 23 Class is defined as follows: **All Customer Service Agents of Teletech from July 2011 through present who worked from home in the State of Ohio and were required to boot up their computer and shut down their computer without being paid for the time.**

51. The Common Law Rule 23 Class is defined as follows: **All Customer Service Agents of Teletech from July 2011 through present who worked from home in the United States and were required to boot up their computer and shut down their computer without being paid for the time.**

52. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA and as a class action pursuant to the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

53. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that at least One Thousand Five Hundred (1,500) putative class members worked for Defendants during the applicable statutory period, without receiving appropriate minimum wage and overtime compensation as required by law, and who were victims of Defendants' common policies.

54. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominates over any questions affecting

only individual members, including: Whether Defendants are liable to Plaintiffs and members of the putative Class for violations of the applicable labor codes; Whether members of the putative class worked more than 40 hours per week; Whether Defendants failed to pay Plaintiffs and members of the putative Class a minimum wage for all hours worked; Whether Defendants failed to pay Plaintiffs and members of the putative Class overtime compensation for all hours in the workweek in excess of forty (40); and Whether Defendants failed to pay Plaintiffs and members of the putative class compensation for hours worked off the clock.

55. This litigation is properly brought as a class action because Plaintiffs' claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendants' standard policies and practices, as alleged herein. Like all Class members, Plaintiffs were damaged by Defendants' system-wide policies and practices of failing to pay wages for all hours worked in a work week including failing to pay overtime for all hours worked in excess of forty (40), in violation of the FLSA, CMWA, AMWA, and Ohio Acts.

56. Plaintiffs have no interests antagonistic to the interests of the other members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and retained competent counsel experienced in class action litigation. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

57. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors: Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the putative Class in litigating the common issues on a classwide basis instead of on a repetitive individual basis; Despite the size of individual Class members' claims, their aggregate volume, coupled with the economies of

scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and no unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

58. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests. Plaintiffs anticipate there will be no difficulty in the management of this litigation. This litigation presents FLSA, CMWA, AMWA, and Ohio Acts claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

**FIRST CLAIM FOR RELIEF**

**(Collective Action Claim for Violation of FLSA)**

59. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

60. Defendants required Plaintiffs and similarly situated CSAs employed by Defendants to work hours in a workweek in excess of forty (40).

61. Defendants required Plaintiffs and similarly situated CSAs to work without proper compensation.

62. Defendants failed to pay Plaintiffs and similarly situated CSA's wages for each hour

worked.

63. Defendants failed to pay Plaintiffs and similarly situated CSA's overtime compensation for hours in a work week in excess of forty (40).

64. Defendants' failure to pay Plaintiff and similarly situated CSA's compensation for all hours worked and overtime compensation for hours in a work week in excess of forty (40), violates the FLSA.

65. Defendants' uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

66. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

67. As a result of Defendants' foregoing violations, Plaintiff and similarly situated CSAs were illegally deprived of regular and overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF

**(Rule 23 Class Action Claim for Violation of CMWA)**

68. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

69. Defendants required Plaintiff **SHELLY PRIMUS** and the CMWA Class members to work hours in a workweek in excess of forty (40) and required Plaintiff **SHELLY PRIMUS** and the CMWA Class members to work without proper compensation.

70. Defendants failed to pay Plaintiff **SHELLY PRIMUS** and all the other CMWA Class

11

members their wages for each hour worked.

71. Defendants failed to pay Plaintiff **SHELLY PRIMUS** and all the other CMWA Class members overtime compensation for hours in a workweek in excess of forty (40).

72. Defendants' failure to pay Plaintiff **SHELLY PRIMUS** and all other CMWA Class members their wages for each hour worked and overtime compensation for hours in a workweek in excess of forty (40), violates the CMWA..

73. Defendants' uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

74. A two (2) year statute of limitations applies to each such violation pursuant to Conn. Gen. Stat. § 52-596.

75. As a result of Defendants' foregoing violations, Plaintiff **SHELLY PRIMUS** and all the other CMWA Class members were illegally deprived of compensation and overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees, and other compensation.

## THIRD CLAIM FOR RELIEF

**(Rule 23 Class Action Claim for Violation of AMWA)**

76. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

77. Defendants required Plaintiff **RICHARD HALL** and the AMWA Class members to work hours in a work week in excess of forty (40) and required Plaintiff **RICHARD HALL** and the AMWA Class members to work without proper compensation.

78. Defendants failed to pay Plaintiff **RICHARD HALL** and all the other AMWA Class

members their wages for each hour worked.

79. Defendants failed to pay Plaintiff **RICHARD HALL** and all the other AMWA Class members overtime compensation for hours in a workweek in excess of forty (40).

80. Defendants' failure to pay Plaintiff **RICHARD HALL** and all the other AMWA Class members their wages for each hour worked and overtime compensation for hours in a workweek in excess of forty (40), violates the AMWA.

81. Defendants' uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

82. A three (3) year statute of limitations applies to each such AMWA violation pursuant to A.C.A. § 11-4-218(e).

83. As a result of Defendants' foregoing violations, Plaintiff **RICHARD HALL** and all the other AMWA Class members were deprived of regular compensation and overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees, and other compensation.

## FOURTH CLAIM FOR RELIEF

**(Rule 23 Claims for Violation of ORC, § 4113.15, *et seq*.)**

84. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

85. Defendant violated, and continue to violate, the Ohio Acts because of its willful failure to compensate **TINA ATKINSON** and the class members on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by

them during the last half of the preceding calendar month.  *See* O.R.C. §4113.15(A).

86. During all times material to this complaint, Plaintiffs and the Ohio Subclass members are/were not paid wages, described as overtime wages at one and one-half times their regular hourly rate and the pay improperly deducted, within thirty (30) days of performing the work. *See*, O.R.C. §4113.15(B).

87. A two (2) year statute of limitations applies to each such ORC violation pursuant to O.R.C. § 4.111.14(K).

88. Defendants' conduct and practice, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

89. As a result of the foregoing, Plaintiff **TINA ATKINSON** suffered irreparable harm and requests the Court to award six (6) per cent interest on all available compensatory damages, including, inter alia, all unpaid wages that remain unpaid for more than thirty (30) days after the work has been performed under the ORC.

## FIFTH CLAIM FOR RELIEF

**(Rule 23 Class Action Claim for Unjust Enrichment/Quantum Meruit)**

90. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

91. Plaintiffs and members of the Common Law Class conferred benefits on the Defendants and Defendants received such benefits conferred upon them by Plaintiff and members of the Common Law Class.

92. Defendants accepted and retained the benefits in circumstances that render such retention inequitable.

93. Defendants have thereby been unjustly enriched and Plaintiff and the members of the

Common Law Class have been damaged.

94. Plaintiff and members of the Common Law Class are entitled to damages equal to all unpaid wages due within six (6) years preceding the filing of this Complaint plus periods of equitable tolling, pursuant to Conn. Gen. Stat. § 52-576.

95. Plaintiff and the Common Law Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

## SIXTH CLAIM FOR RELIEF

**(Rule 23 Class Action Claim for Breach Of Contract)**

96. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

97. Plaintiffs and members of the Common Law Class and Defendants entered into an employment contract.

98. Plaintiffs and members of the Common Law Class have performed all of their obligations under the employment contract.

99. Defendants have breached the employment contract.

100. Defendants failed and refused to pay plaintiffs and members of the Common Law Class in full for labor and services furnished in the prosecution of the work provided for and pursuant to the employment contract.

101. Plaintiffs and members of the Common Law Class suffered damages as a direct and proximate result of Defendants' breach of contract.

102. Plaintiffs and members of the Common Law Class are entitled to damages equal to all unpaid wages due within six (6) years preceding the filing of this Complaint plus periods of equitable tolling, pursuant to Conn. Gen. Stat. § 52-576.

103. Plaintiffs and members of the Common Law Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

## Prayer for Relief

**WHEREFORE**, Plaintiffs pray for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' wage practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 et seq.;

B. A declaratory judgment that Defendants' wage practices alleged herein violate CMWA and related regulations;

C. A declaratory judgment that Defendants' wage practices alleged herein violate AMWA and related regulations;

D. A declaratory judgment that Defendants' wage practices alleged herein violate the Ohio Acts and related regulations

E. An order for injunctive relief ordering the Defendants to end all of the illegal wage practices alleged herein pursuant to FLSA, CMWA, AMWA, Ohio Acts, and related laws and regulations;

F. An order requiring Defendants to turn over to Plaintiffs, at their own expense, a detailed investigative accounting for the number of overtime-eligible hours actually worked by the Plaintiff and all putative collective and class members;

G. An order certifying the proposed FLSA Collective Action;

H. An order certifying the proposed CMWA Rule 23 Class;

I. An order certifying the proposed AMWA Rule 23 Class;

J. An order certifying the proposed Ohio Acts Rule 23 Class;

K. An order certifying the proposed Common Law Class;

L. Judgment for damages for all unpaid compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.;

M. Judgment for damages for all unpaid compensation under the CMWA and the relating regulations;

N. Judgment for damages for all unpaid compensation under the AMWA and the relating regulations;

O. Judgment for damages for all unpaid compensation under the ORC and the relating regulations;

P. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid compensation owed to Plaintiff and members of the Class during the applicable statutory period;

Q. Judgment for liquidated damages pursuant to the CMWA, and the relating regulations;

R. Judgment for liquidated damages pursuant to the AMWA, and the relating regulations;

S. Judgment for liquidated damages pursuant to the Ohio Acts, and the relating regulations;

T. Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled;

U. An order directing Defendants to pay Plaintiffs and members of the putative Class prejudgment interest, reasonable attorneys' fees and all costs connected with this action;

V. An order imposing a Federal Monitor to be put in place for 10 years at Defendants' expense with the power to subpoena, observe and report and ensure Defendants' compliance with the labor code;

W. Incentive awards for the lead Plaintiffs;

X. Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the Court;

Y. Equitable tolling for the Collective effective as of the date of filing the Complaint; and

Z. Such other and further relief as to this Court may deem necessary, just, and proper.

**PLAINTIFFS' DEMAND A TRIAL BY JURY OF ALL JURY SUBMISSIBLE ISSUES**

Dated: August 1, 2014

Respectfully submitted,

**JTB LAW GROUP, L.L.C.**

By: *Jason T. Brown*
Jason T. Brown *(will seek Pro Hac Vice or Permanent admission)*
Gian M. Fanelli *(will seek Pro Hac Vice or Permanent admission)*
155 2nd Street, Suite 4
Jersey City, NJ 07302

      Phone: (201) 630-0000
      Fax: (855) 582-5297
      Email: jtb@jtblawgroup.com
            gianmfanelli@jtblawgroup.com

            -And-

By: *Matthew L. Turner*
    Matthew L. Turner (P48706) *Pending Pro Hac Vice*
    Jesse L. Young (P72614) *Pending Pro Hac Vice*
    **SOMMERS SCHWARTZ, P.C.**
    Sommers Schwartz, P.C.
    One Towne Square, Suite 1700
    Southfield, MI 48076
    Phone: (248) 355-0300
    Email:  mturner@sommerspc.com
              jyoung@sommerspc.com

            -And_

By: *Robert E. DeRose*
    Robert E. DeRose (OH Bar No. 0055214)
    Robi J. Baishnab (OH Bar No. 0086195)
    **BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
    10th Floor
    250 East Broad Street
    Columbus, OH 43215
    P: 614-221-4221
    F: 614-744-2300
    Email:  rbaishnab@barkanmeizlish.com
              bderose@barkanmeizlish.com

    *Attorneys for Plaintiff*