# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| TINA ATKINSON, *et al.,* individually and on behalf of all others similarly situated, | Case No. 3:14-cv-00253-WHR |
| Plaintiffs, | Judge Walter H. Rice |
| | Magistrate Judge Michael R. Merz |
| v. | |
| TELETECH HOLDINGS, INC., TELETECH@HOME, INC., and KENNETH TUCHMAN, | |
| Defendants. | |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

Plaintiffs Tina Atkinson, Christopher Cashion, Abigail Colley, Patricia Colon, Sheree De Pass, Rachael Dunn, April Rae Ellensworth, Evelyn Fazio, Jessica Frazier, Florence Gianforte, Bonnie Graves, Richard Hall, Natasha Joaquin, Christopher Johnson, Kathryn Kinzer, Vicky Logan, Heather Mahlin, Rachel Marshall, Frank Mathies, Devralai Morton, Shelly Primus, Steven Stablein, Karen Stout, Amber Weekly, and Christina Williams ("Named Plaintiffs"), on behalf of themselves and on behalf of the classes of individuals that they seek to represent (as hereinafter defined), and Defendants TeleTech Holdings, Inc., TeleTech@Home, Inc, and Kenneth Tuchman ("Defendants") (collectively, the "Parties"), by and through their respective counsel, in consideration for and subject to the promises, terms, and conditions contained in this Joint Stipulation of Settlement and Release ("Settlement Agreement" or the "Agreement"), hereby stipulate and agree, subject to Court approval, as follows:

### I.    RECITALS

WHEREAS, on August 1, 2014, the Plaintiffs filed suit against Defendants in the U.S. District Court for Southern District of Ohio seeking unpaid back wages under the Fair Labor

1

Standards Act ("FLSA"), the Connecticut Minimum Wage Act, the Arkansas Minimum Wage Act, the Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act, as both a collective action and Rule 23 class action ("Action");

WHEREAS, on November 17, 2014, Plaintiffs filed their First Amended Complaint, adding claims under the following state laws: Arizona's wage and hour law; the Colorado Wage Claim Act; Kentucky's wage and hour law; New York State Wage and Hour Laws; and Wisconsin's wage and hour law.

WHEREAS, on February 26, 2015, the Court conditionally certified the Action as a collective action under Section 216 of the FLSA and notice was issued to approximately 22,973 potential class members;

WHEREAS, during the notice period, approximately 2,800 plaintiffs filed their consent to join this Action ("Opt-in Plaintiffs"). Furthermore, Opt-in Plaintiffs from California, Delaware, Florida, Illinois, Iowa, Kansas Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Mexico, Oklahoma, Pennsylvania, South Carolina, and West Virginia were identified and desired to represent additional state Rule 23 classes for unpaid wage-related claims;

WHEREAS, on November 10, 2015, Plaintiffs filed their Second Amended Complaint, asserting claims under the FLSA, for breach of contract, for unjust enrichment, and under the following state laws: Arizona Minimum Wage Act; the Arizona Wage Act; the Minimum Wage Act of the State of Arkansas; the California Wage Acts (including claims under the California Labor Code and the IWC Minimum Wage Order); the Colorado Wage Claim Act; Colorado's Minimum Wage Act; the Connecticut Minimum Wage Act; Connecticut's Wage Collection Statutes; Delaware's Minimum Wage Law; Delaware's Wage Payment and Collection Act; the

Florida Minimum Wage Act; the Florida Constitution; the Illinois Minimum Wage Law; the Illinois Wage Payment and Collection Act; the Iowa Wage Payment Collection Law; Kentucky's Wages and Hours Act; the Kansas Wage Payment Act; the Massachusetts Minimum Fair Wages Act; the Michigan Workforce Opportunity Wage Act; the Minnesota Fair Labor Standards Act; the Minnesota Payment of Wages Act; the Missouri Minimum Wage Law; the Nebraska Wage and Hour Act; the Nebraska Wage Payment and Collection Act; the Nevada Wage and Hour Law; the New Mexico Minimum Wage Act; the New York Minimum Wage Act; New York's Wage Theft Prevention Act; the Ohio Minimum Fair Wage Standards Act; the Ohio Prompt Pay Act; the Oklahoma Protection of Labor Act; the Pennsylvania Minimum Wage Act; the Pennsylvania Wage Payment and Collection Law; the South Carolina Payment of Wages Act; the West Virginia Minimum Wage and Maximum Hours Law; the West Virginia Wage Payment and Collection Act; and the Wisconsin Wage Payments Claims and Collections Act;

WHEREAS, during the notice period the Parties began to explore settlement options. Between May 2015 and January 2016, intense settlement negotiations and discovery efforts were used to continue the Parties' efforts to reach a settlement. A Rule 30(b)(6) deposition of Defendants' corporate representative was taken on September 30, 2015 and October 14, 2015. The depositions of a Named Plaintiff and three Opt-in Plaintiffs were taken on September 15 and 29, 2015;

WHEREAS, in light of the discovery conducted to date, the time and expense associated with future discovery, as well as the challenges and risks associated with trial of this matter, the Parties elected to engage in a mediation beginning October 19, 2015. In connection with this mediation, Counsel for the Parties exchanged information and data, and engaged in good faith, arms-length negotiations presided over by Mark Rudy, Esq., a highly-regarded

mediator. During the next three months, the Parties worked to narrow the issues, identify areas of agreement, and make additional concessions when appropriate. On January 22, 2016, with Mr. Rudy's assistance, the Parties reached the Settlement set forth in this Agreement;

WHEREAS, before entering into this Settlement Agreement, the Parties, by and through their respective counsel, conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims and potential claims to determine the strength of liability, potential remedies, and all defenses thereto, including as to both the merits and FLSA and Rule 23 conditional and class certification, under all applicable federal and state class action court rules and Rule 23;

WHEREAS, this Settlement Agreement was reached as a result of extensive and contested arm's-length negotiations between the Parties and their counsel, occurring over the course of nearly one year. During these settlement discussions and mediations, the Parties exchanged sufficient information, records and historical wage and hour related data to permit the Parties and their counsel to evaluate the claims and potential defenses and engage in meaningful and informed settlement discussions;

WHEREAS, this Settlement Agreement, including all associated exhibits, is made for the sole purpose of settling the Action on a collective and class-wide basis. This Settlement Agreement is made in compromise of disputed claims. Because the Action was pled as a class and/or collective action, this settlement must receive both preliminary and final approval by the Court. Accordingly, the Parties enter into this Agreement on a conditional basis. In the event the Court does not enter an Order of Final Approval, in the event the associated Judgment does not become a Final Judgment for any reason, or as otherwise provided for in this Agreement, this Settlement Agreement shall be deemed null and void *ab initio*, shall be of no force or effect

4

whatsoever, and shall not be referred to or utilized by any party for any purpose whatsoever. Further, the negotiation, terms, and entry of this Agreement shall remain subject to the provisions of Federal Rule of Evidence 408, and any other analogous rules of evidence that are applicable;

WHEREAS, although based upon their review, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiffs, and Class Counsel, on behalf of Plaintiffs and the other members of the proposed classes, believe the claims have merit, they have agreed to settle the Action pursuant to the provisions of this Settlement Agreement, after considering, among other things:

(i)    the substantial benefits to the Class Members under the terms of this Settlement Agreement;

(ii)    the risks, costs, and uncertainty of protracted litigation, especially in complex actions such as this, the difficulties in certifying several classes of home-based customer service representatives; and the difficulties and delays inherent in such litigation; and

(iii)    the desirability of consummating this Settlement Agreement promptly in order to provide effective relief to the Class Members;

WHEREAS, Defendants have vigorously denied and continue to dispute all of the claims and contentions alleged in the Action, and deny any and all allegations of wrongdoing, fault, liability or damage of any kind to Plaintiffs and the putative classes. Defendants further deny that they acted improperly or wrongfully in any way, and believe that the Action has no merit and should not proceed on a collective or class-wide basis. Defendants have also considered the risks and potential costs of continued litigation of the Action, on the one hand, and the benefits of the

5

proposed settlement, on the other hand, and desire to settle the Action upon the terms and conditions set forth in this Settlement Agreement; and

WHEREAS, the Parties have negotiated a class definition and class benefit payment process that each believe is fair and reasonable, Defendants have agreed to class action treatment of the claims alleged in the Second Amended Class/Collective Action Complaint solely for the purpose of compromising and settling those claims on a collective and class basis as set forth herein.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and between the Parties, that: (a) the Action be fully and finally compromised, settled, and released upon final settlement approval by the Court after the hearings as provided for in this Settlement Agreement; and (b) upon such approval by the Court, a Final Order and Judgment be entered dismissing the Action with prejudice upon the following terms and conditions:

## II.   DEFINITIONS

As used in this Settlement Agreement and the attached exhibits, the following terms have the following meanings, unless this Settlement Agreement specifically provides otherwise:

1.      "Action" shall mean the lawsuit entitled *Atkinson, et al. v. TeleTech Holdings, Inc., et al.*, pending in the U.S. District Court for the Southern District of Ohio, which includes the Second Amended Class/Collective Action Complaint.

2.      The "Amended Complaint" shall mean the Second Amended Class Action Complaint, Docket No. 106.

3.      "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court to Class Counsel to compensate Class Counsel for their fees and expenses in connection

6

with the Action and the Settlement, as described in Paragraphs 59 – 63 of this Settlement Agreement.

4. "Bar Date" means the final time and date by which a Claim Form must be received by the Settlement Administrator in order for a Class Member to be entitled to any of the settlement consideration contemplated in this Settlement Agreement. All Existing Opt-in Plaintiffs and Named Plaintiffs do not have to file Claim Forms to be included and they are deemed included and will participate and be bound by the settlement. Correctly completed and signed Claim Forms (which includes IRS Forms W-4 and W-9) mailed by Class Members to the Settlement Administrator, and postmarked within sixty (60) calendar days after the initial Claim Forms are mailed to the Class Members by the Settlement Administrator, shall be considered timely. Claims Forms that are not postmarked within sixty (60) calendar days after the Claims Forms are initially mailed to the Class Members shall be rejected as untimely and shall not be considered for payment.

5. "Benefit Amount" means the settlement amounts pursuant to the computations as provided in Paragraphs 43 – 49.

6. "Claim Form" means the court-approved form (which includes IRS Forms W-4 and W-9) enclosed in the Class Notice and required to be returned as provided in the Preliminary Approval Order and this Settlement Agreement in the form attached hereto as Exhibit "A". The Claim Form will serve as both an opt-in consent to join form under the FLSA and a claim form for purposes of Rule 23 class claims being settled in this Settlement Agreement. All members of the Class will receive a Claim Form; however, existing Opt-in Plaintiffs and Named Plaintiffs will not receive and do not have to file Claim Forms to be included and they are deemed included and will participate and be bound by the Settlement.

7

7.      "Class" means all current and former hourly home-based customer service related employees, including agents, customer service representatives, problem resolution representatives, and all other hourly employees in similar positions who worked for Defendants at any time between August 1, 2011 and February 21, 2016. Excluded from the Class are (a) all persons who are employees, directors, officers, and agents of the Defendants or their affiliated entities; (b) persons who timely and properly exclude themselves from the Class as provided in this Settlement Agreement; (c) the Court, the Court's immediate family, and Court staff; and (d) all counsel of record in the Action.

8.      "Class Counsel" means the law firms of Sommers Schwartz, P.C. and JTB Law Group, LLC.

9.      "Class Member(s)" means any member of the Class who does not elect exclusion from the Class pursuant to the terms and conditions for exclusion set out in this Settlement Agreement and the Class Notice.

10.     "Class Notice" means the court-approved Notice of Class Action Settlement, substantially in the form attached hereto as Exhibit "B."

11.     "Court" means the U.S. District Court for the Southern District of Ohio (the Honorable Walter H. Rice).

12.     "Defense Counsel" means the law firm of Baker & McKenzie LLP.

13.     "Effective Date" means the date on which the Final Order and Final Judgment (defined below) in the Action becomes "Final." As used in this Settlement Agreement, "Final" means one (1) business day after all of the following conditions have been satisfied:

(a)      the Final Order and Final Judgment have been entered; and

(b)(i)   if reconsideration and/or appellate review is not sought from the Final Order and Final Judgment, the expiration of the time for the filing or noticing of any motion for reconsideration, appeal, petition, and/or writ, except that if no objection was ruled on (denied) by the court, then this period shall be shortened from 30 days to 21 days; or

(b)(ii)   if reconsideration and/or appellate review is sought from the Final Order and Final Judgment: (1) the date on which the Final Order and Final Judgment are affirmed and are no longer subject to judicial review, or (2) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the Final Order and Final Judgment are no longer subject to judicial review.

14.     "Fairness Hearing" means the hearing, or other manner of "dismissal or compromise" as provided by Rule 23(e), that is to take place after the entry of the Preliminary Approval Order and after the Notice Date for purposes of: (a) entering the Final Order and Final Judgment and dismissing the Action with prejudice; (b) determining whether the Settlement Agreement should be approved as fair, reasonable, and adequate and rule on any objections; (c) ruling upon an application for Incentive Awards by the Plaintiffs; (d) ruling upon an application by Class Counsel for Attorneys' Fees and Expenses; and (e) entering any final order awarding Attorneys' Fees and Expenses and Incentive Awards. The Parties shall request that the Court schedule the Fairness Hearing or other final disposition manner in compliance with Rule 23 and approximately 90 days from the entry of the preliminary approval order or mailing of CAFA notice, whichever is later.

9

15.    "Final Order and Final Judgment" means the Court's order and judgment fully and finally approving the Settlement and dismissing the Action with prejudice.

16.    "Notice Date" means the first date upon which the Class Notice is disseminated by mail.

17.    "Opt-Out Form" means the court-approved form enclosed in the Class Notice and required to be returned as provided in the Preliminary Approval Order and this Settlement Agreement in the form attached hereto as Exhibit "C".

17.    "Parties" means Defendants, Named Plaintiffs and all Opt-in Plaintiffs, collectively, as each of those terms is defined in this Settlement Agreement.

18.    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement Agreement and proposed Class Notice and notice plan, substantially in the form attached hereto as Exhibit "D."

19.    "Qualified Claimant" means a Class Member who has timely submitted a correctly completed and signed Claim Form. The Named Plaintiffs and Opt-in Plaintiffs also are Qualified Claimants.

20.    "Release" and "Released Claims" means and includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action under common law or statutory law (federal, state, or local) of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist as of the Notice Date by the Named Plaintiffs, Opt-in Plaintiffs, and all Class Members (and Named Plaintiffs, Opt-in Plaintiffs, and Class Members' respective heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that were asserted or that could have been reasonably asserted in the Action against

10

and/or between the Released Parties (as hereinafter defined), or any of them, and that arise out of or are related in any way to Defendants' alleged failure to pay for work performed in any position during employment with Defendants, including for unpaid overtime, unpaid wages, and for damages or compensation of any kind for allegedly unpaid work, including for costs, expenses, and attorneys' fees, whether such claim arises under common law or pursuant to state statute, ordinance, or regulation, including all claims under the applicable state wage and hour laws and includes the release set forth in Paragraphs 64 through 68 of this Settlement Agreement and in the Final Order and Judgment. By returning a timely Claim Form, each Class Member expressly agrees and acknowledges that he or she has been paid for all hours worked for Defendants during the class period and also releases any claims under the Fair Labor Standards Act. "Released Claims" shall be construed as broadly as possible to affect complete finality over this litigation involving the claims raised in the Action as set forth herein.

23. "Released Parties" shall be defined and construed broadly to effectuate a complete and comprehensive release, and means the Defendants and the Named Plaintiffs, Opt-in Plaintiffs, Class Members, and each of their respective past, present, and future board members, employees, assigns, attorneys, agents, advertising agencies, servicers, consultants, heirs, guardians, executors, administrators, representatives, partners, successors, predecessor-in-interest, officers, and directors.

24. "Releasing Parties" means Defendants and the Named Plaintiffs, Opt-in Plaintiffs, and all Class Members, and each of their respective past, present, and future employees, assigns, attorneys, agents, advertising agencies, consultants, heirs, guardians, executors, administrators, representatives, partners, successors, predecessor-in-interest, officers, and directors.

25.     "Settlement" means the settlement embodied in this Settlement Agreement, including all attached Exhibits (which are an integral part of this Settlement Agreement and are incorporated in their entirety by reference).

26.     "Settlement Administrator" means the qualified third party administrator and agent agreed to by the Parties to administer the Settlement, including providing the Class Notice.

27.     "Settlement Agreement" means this Joint Stipulation of Settlement and Release and its Exhibits, attached hereto and incorporated herein, including all subsequent amendments agreed to in writing by the Parties and any exhibits to such amendments.

29.     "Settlement Fund" means the Three Million Five Hundred Thousand Dollars and No Cents ($3,500,000.00) that Defendants will pay as part of the consideration for the release of all claims and the dismissal of the Action as provided in this Settlement Agreement. The Settlement Fund represents the maximum total amount that Defendants shall pay under the terms of this Settlement Agreement, and from which all payments contemplated by this Agreement shall be made except the employer's portion of State and Federal payroll taxes.

30.     "Settlement Fund Balance" means the balance remaining in the Settlement Fund after payment of (a) all costs of notice and settlement administration, (b) the incentive awards to the Named Plaintiffs as approved by the Court ("Incentive Awards"), and (c) the Attorneys' Fees and Expenses.

### III.     SUBMISSION OF THE SETTLEMENT TO THE COURT FOR REVIEW AND APPROVAL

31.     On or before March 31, 2016, Class Counsel shall file the Joint Motion for Preliminary Approval and seek entry of the Preliminary Approval Order (substantially in the form attached as Exhibit "D"), by the Court for the purpose of, among other things:

(a)     Approving the Class Notice, substantially in the form set forth in Exhibit

"B," of the Settlement Agreement as meeting the requirements of Fed. R. Civ. P 23(c)(2).

(b)     Finding that the requirements of Fed. R. Civ. P 23(a) and (b)(3) are satisfied, appointing the Named Plaintiffs as the representatives of the Class and Class Counsel as counsel for the Class, and preliminarily approving the Settlement as being within the range of reasonableness such that the Class Notice should be provided pursuant to this Settlement Agreement;

(c)     Scheduling the Fairness Hearing pursuant to Fed. R. Civ. P 23(e) on a date ordered by the Court, provided in the Preliminary Approval Order, and in compliance with applicable law, to determine whether the Settlement should be approved as fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered dismissing the Action with prejudice;

(d)     Determining that the notice of the Settlement and of the Fairness Hearing (i.e., the Class Notice), as set forth in this Settlement Agreement, complies with all legal requirements, including but not limited to the Due Process Clause of the United States Constitution and Fed. R. Civ. P. 23;

(e)     Directing that Class Notice shall be given to the Class as provided in the Settlement Agreement;

(f)     Providing that any objections by any Class Member to the certification of the Class and the proposed Settlement contained in this Settlement Agreement, and/or the entry of the Final Order and Judgment, shall be

13

heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if, on or before the date(s) specified in the Class Notice and Preliminary Approval Order, such objector files with the Court a written objection and notice of the objector's intention to appear, and otherwise complies with the requirements in the Settlement Agreement;

(g)     Establishing dates by which the Parties shall file and serve all motion papers in support of the application for final approval of the Settlement, Attorneys' Fees and/or in response to any valid and timely objections;

(h)     Providing that all Class Members will be bound by the Final Order and Judgment dismissing the Action with prejudice unless such Class Members timely file valid written requests for exclusion as specified in this Settlement Agreement and the Class Notice;

(i)     Providing that Class Members wishing to exclude themselves from the Settlement will have until the date specified in the Class Notice and the Preliminary Approval Order to submit a valid written request for exclusion to the Settlement Administrator;

(j)     Providing a procedure for Class Members to request exclusion from the Settlement;

(m)     Directing the Parties, pursuant to the terms and conditions of this Settlement Agreement, to take all necessary and appropriate steps to establish the means necessary to implement the Settlement;

(n)     Pending the Fairness Hearing, staying all proceedings in the Action, other

14

than proceedings necessary to carry out or enforce the terms and conditions of this Settlement Agreement and the Preliminary Approval Order; and

(o) Pending the Fairness Hearing, enjoining the Named Plaintiffs, Opt-in Plaintiffs, and Class Members, or any of them, from commencing or prosecuting, either directly or indirectly, any action in any forum (state or federal) asserting any of the Released Claims.

32. Following the entry of the Preliminary Approval Order, the Class Notice shall be given and published in the manner directed and approved by the Court.

33. At the Fairness Hearing, the Parties shall seek to obtain from the Court a Final Order and Judgment that shall, among other things:

(a) Find that the Court has personal jurisdiction over all Class Members, the Court has subject matter jurisdiction over the claims asserted in the Action, and that venue is proper;

(b) Finally approve this Settlement Agreement and the Settlement pursuant to Rule 23(e);

(c) Certify the Class for purposes of settlement;

(d) Find that the notice to the Class complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

(e) Incorporate the Mutual Release set forth in this Stipulation and Settlement Agreement and make the Mutual Release effective as of the date of the Final Order and Judgment;

(f) Authorize the Parties to implement the terms of the Settlement;

15

(g)     Dismiss the Action with prejudice;

(h)     Award Attorneys' Fees and Expenses and Incentive Awards; and

(i)     Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of this Settlement Agreement, the Final Order and Judgment, any final order approving Attorneys' Fees and Expenses and Incentive Awards, and for any other necessary purpose.

34.     The Parties agree that the notice plan contemplated by this Settlement Agreement is valid and effective, that if effectuated, it would provide reasonable notice to the Class, and that it represents the best practicable notice under the circumstances.

## IV.     THE SETTLEMENT CONSIDERATION

35.     Defendants will pay the sum of Three Million Five Hundred Thousand Dollars and No Cents ($3,500,000.00) to create the Settlement Fund for the benefit of eligible Class Members pursuant to the terms of this Settlement Agreement. Defendants' payment obligations of the Settlement Fund shall proceed as follows:

36.     Initial Deposit: Within thirty (30) calendar days after the entry of the Preliminary Approval Order Defendants shall pay the sum of Eighty-Five Thousand Dollars and No Cents ($85,000) (the "Initial Deposit") to the Settlement Administrator for the notice and administration expenses that will be incurred to provide notice to the Class Members and administer the Settlement. This deadline may be extended by mutual consent of the Parties.

37.     Balance Payment: No later than fourteen (14) calendar days after the Final Approval Order is entered, Defendants shall pay an amount equal to the Settlement Fund less the Initial Deposit into an escrow account (the "Escrow Account") to be administered by the Settlement Administrator pursuant to the terms of this Settlement Agreement. All valid claims

paid to Class Members, costs of notice and administration, Incentive Awards to the Plaintiffs approved by the Court, and the Attorneys' Fees and Expenses, shall be paid from the Settlement Fund. The Parties agree that the Settlement Fund is the full extent of Defendants' payment obligation under this Settlement Agreement, except for the employer's portion of state and federal payroll tax. In no event shall Defendants be liable for payment of any costs, expenses, or claims beyond their deposit or payment of the Settlement Fund into the Escrow Account.

38. The Settlement Fund shall be used for the payment of: (a) the costs and expenses that are associated with disseminating the notice to the Class, including, but not limited to, the Class Notice; (b) the costs and expenses associated with the administration of the Settlement or other costs of administration agreed to by the Parties; (c) awards or payments from the Settlement Fund Balance to Class Members pursuant to the Settlement Agreement; (d) payment of any Incentive Award to the Plaintiffs as approved by the Court; and (e) payment of the Attorneys' Fees and Expenses pursuant to this Settlement Agreement. The Parties must approve any payment of costs or expenses under subsections (a) and (b) of this paragraph, and such approval shall not be unreasonably withheld. Defendants shall not be liable for payment of any costs, expenses, or payments authorized under this Settlement Agreement beyond its deposit or payment of the Settlement Fund into the Escrow Account.

39. Class Members who timely file a completed and signed Claim Form shall be eligible for relief from the Settlement Fund Balance as provided in this Settlement Agreement, subject to the terms and conditions of this Settlement Agreement.

40. Each claimant who files a timely Claim Form will be deemed to have opted in to the case for purposes of the class settlement, including their FLSA claims and any applicable Rule 23 class claims. They will have not opted out of the settlement for Rule 23 purposes.

41.    Each claimant who timely files an Opt-Out Form will be deemed as not having joined the settlement class as an opt-in for FLSA claims and to have opted out of the Rule 23 class. In other words, class members may not participate in the settlement for one claim and not the other; it must be both.

42.    A class member who does nothing (files no form) will be deemed as not having joined the case as an opt-in for purposes of the FLSA claims, but will be in the Rule 23 class. To opt out of the Rule 23 class a class member must file a timely Opt-Out Form.

**Settlement Allocation / Calculation of Settlement Payments**

43.    Each Qualified Claimant shall receive a settlement payment from the Settlement Fund Balance as follows:

(a)    Qualified Claimants who were employed by Defendants for a minimum of four (4) full workweeks during the class period will be eligible to receive the greater of a minimum payment of twenty-five dollars ($25) or the value of his or her individual claim, as described in Paragraph 43(b).  Qualified Claimants who worked less than four (4) full work weeks during the class period are not eligible for a settlement payment.

(b)    Individual claim values will be calculated for each Qualified Claimant who worked a minimum of four full workweeks during the class period by adding fifteen (15) minutes per shift to the weekly time data provided by Defendants, and multiplying any additional unpaid time worked by each Qualified Claimant by their applicable regular hourly rate for all time under forty (40) hours in each workweek and by one-and-one-half times their applicable regular hourly rate for all time over forty (40) in each workweek. For purposes of these calculations, the

Settlement Administrator shall use each Qualified Claimant's applicable wage for that week or most recent wage, as agreed to by the Parties.

(c) For purposes of the calculations described in Paragraph 43(b), the applicable calculation period shall be thirty-six (36) months or three (3) years total, calculated as follows: three (3) years before a Named Plaintiff or Opt-in Plaintiff opted in to this Action and three (3) years from February 21, 2016 for all other Qualified Claimants.

44. In the event that the total amount claimed by all Qualified Claimants does not equal at least 30% of the Settlement Fund Balance, then the value of the individual Benefit Amount to be provided to each Qualified Claimant shall be increased on a *pro rata* basis, such that the aggregate value of the cash payments equals 30% of the Settlement Fund Balance. The Settlement Administrator shall determine each Qualified Claimant's *pro rata* share based on the time and pay records used to calculate the individual claim values. Any amount of the Settlement Fund Balance above the 30% minimum that is not distributed to Qualified Claimants shall remain the property of, and/or revert back to, the Defendants. Such reversion or remittitur to Defendants shall be made by the Settlement Administrator within fourteen (14) days of the date on which the Settlement Administrator issues the settlement checks to the Qualified Claimants.

45. Within seven (7) days of the claims period closing, Defendants will provide the Settlement Administrator with the necessary time and pay records for the Qualified Claimants. Within seven (7) days of receiving the records, the Settlement Administrator will make the calculations described in Paragraph 43 (from the employment records and data provided by Defendants) for the Qualified Claimants and provide the calculations and underlying data to the lead counsel for both sides.

46.     The Settlement Administrator will make all necessary calculations in accordance with the above for all Qualified Claimants and provide those calculations to lead counsel as provided above. The Parties will have seven (7) calendar days to review and dispute the calculations in writing or they will be final.

47.     Notwithstanding the calculations described above, the Parties agree that: (1) the aggregate value of the cash payments to the participants cannot exceed the 30% floor of the Settlement Fund Balance if the Qualified Claimants represent 10% or less of the Class; (2) the aggregate value of the cash payments cannot exceed 40% of the Settlement Fund Balance if the Qualified Claimants represent 30% or less of the Class; (3) the aggregate value of the cash payments cannot exceed 50% of the Settlement Fund Balance if the Qualified Claimants represent 45% or less of the Class; and (4) if the participation rate is 46% or greater the distribution shall be determined as described in the calculations above. In the event one of the events described in this paragraph occurs, the Parties will reduce the 15 minutes outlined above so that the ultimate payout is consistent with this paragraph.

48.     Accordingly, pursuant to Paragraphs 43 - 47, the actual amount recovered by each Qualified Claimant may not be able to be determined until after the Effective Date.

49.     No Qualified Claimant shall receive any benefits prior to the Effective Date.

50.     Class Members will have one hundred and twenty (120) calendar days after the mailing date to negotiate any checks issued pursuant to this Settlement Agreement. Any checks not negotiated within one hundred and twenty (120) calendar days will be void and a stop-pay will be placed on the check by the Settlement Administrator. The checks will expressly indicate this 120-day deadline. In such event, the Class Member failing to negotiate the settlement check will be deemed to have waived irrevocably any right in or claim to any monetary share or portion

of the Settlement, but the Settlement Agreement nevertheless will be binding upon that Class Member. Settlement checks not timely negotiated shall revert to Defendants, and the Settlement Administrator shall issue a single lump-sum payment to Defendants for all uncashed settlement checks. Such remittitur to Defendants shall be made by the Settlement Administrator within ten (10) days of the date on which the Settlement Administrator issues the last stop-pay order on any settlement check under the terms of this paragraph.

## **Taxes**

51. The Parties agree that, for tax purposes, 50% of the payment made to Qualified Claimants as settlement benefits shall be treated by the Parties as wages subject to appropriate payroll withholdings and shall be reported on an IRS Form W-2. The remaining 50% of such payments shall be treated by the Parties as additional, non-wage damages and interest, not subject to payroll withholdings, and shall be reported on an IRS Form 1099.

52. Defendants shall pay the employer's share of all state and federal payroll taxes imposed by applicable law, including the employer's share of the FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages.

53. Qualified Claimants will be solely and exclusively responsible for all taxes, interest and penalties of any nature, owed with respect to any payment received by them pursuant to this Agreement (other than taxes paid by Defendants per this Agreement) and will indemnify and hold Defendants, Class Counsel, and the Settlement Administrator harmless from and against any and all taxes, penalties, and interest of any nature assessed as a result of a Qualified Claimant's failure to timely and properly pay such taxes.

## V.        NOTICE TO THE CLASS

54.        The Parties shall jointly recommend and retain the Settlement Administrator. The Settlement Administrator shall be required to agree in writing to treat information it receives or generates as part of the settlement administration process as confidential and to use such information solely for purposes of settlement administration under this Agreement. Following the Court's preliminary approval of this Settlement Agreement, Defendants shall within five (5) days provide the final class list with the last known mailing addresses for mailing of Notice purposes to the Settlement Administrator, who, in turn, shall within fourteen (14) days of receipt of the class list with mailing addresses, mail via First Class United States mail, the Class Notice and Claim Form to all Class Members using each individual's last known address as recorded in Defendants' records, or as provided by Class Counsel (each, a "Notice"). The mailings shall be done in accordance with assistance from Defendants' Counsel, to the extent necessary and in order to minimize settlement administration costs. If a Notice mailed to a Class Member is returned with a forwarding address provided by the Postal Service, it shall be re-mailed to the forwarding address provided. If a Notice mailed is designated as undeliverable by the Postal Service or otherwise designated by the Postal Service as having been sent to an invalid address, the Settlement Administrator shall take reasonable steps to obtain the correct address of any Class Member and shall attempt to re-mail the notice no more than one additional time, for a total of two mailings.

55.        Defendants shall issue CAFA notice consistent with 28 U.S.C. §1715 on the Monday following filing of the Motion for Preliminary Approval.

## VI.   ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS

56.    In recognition of the time and effort the Named Plaintiffs expended in pursuing the Action and in fulfilling their obligations and responsibilities as class representatives, and of the benefits conferred on all Class Members by the Settlement, Class Counsel may ask the Court for the payment of an Incentive Award from the Settlement Fund to specific class representatives. Defendants do not oppose an application for Incentive Awards by Class Counsel to the extent that the awards collectively do not exceed Sixty-Five Thousand Dollars and No Cents ($65,000.00) and are paid form the Settlement Fund. Any unused funds from the $65,000 allocated for Incentive Awards shall revert to the Settlement Fund Balance and shall be returned to Defendants when any reversion of unclaimed settlement funds revert pursuant to this Agreement.

57.    If approved by the Court as petitioned by Class Counsel, the twenty five (25) Named Plaintiffs shall each receive $2,500 as incentive awards and opt-in Plaintiff Rachel Jefferson (formerly a Named Plaintiff) shall also receive $2,500 as an incentive award.

58.    Incentive payments as awarded by the Court shall be deducted from the Settlement Fund and paid by the Settlement Administrator from the Escrow Account.

59.    Class Counsel will request the Court to award Attorneys' Fees in the Action that will not exceed thirty-three and one-third percent ($33^{1/3}$%) of the Settlement Fund or One Million One Hundred Sixty-Six Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($1,166,666.67) for time and expenses incurred up to the Fairness Hearing, and anticipated time spent through closure of the settlement claims process.

60.    Class Counsel will also request the Court to award reimbursement of actual costs, including administration costs ("Expenses") incurred in the Action in an amount currently

estimated as approximately One Hundred Seventy-Five Thousand Dollars and No Cents ($175,000).

61.     Defendants will not oppose the request for Attorneys' Fees and Expenses by Class Counsel under these terms, but the amount of the Attorneys' Fees and Expenses will be determined by the Court, and in no event shall Defendants be obligated to pay any amount in excess of the Settlement Fund.  Any Attorneys' Fees and Expenses not approved by the Court shall revert to the Settlement Fund Balance and shall be returned to Defendants when any reversion of unclaimed settlement funds revert pursuant to Paragraph 44.

62.     Any Attorneys' Fees and Expenses awarded by the Court shall be paid from the Settlement Fund by the next business day after deposit of the Balance Payment. Class Counsel shall have the sole and absolute discretion to allocate the Attorneys' Fees and Expenses amongst Class Counsel and any other attorneys for Plaintiffs. Defendants shall have no liability, obligation, participation in or other responsibility for allocation of any such Attorneys' Fees and Expenses awarded. Sommers Schwartz, P.C. shall be responsible for distributing any awarded attorneys' fees and costs among Class Counsel.

63.     The Parties agree that the procedure for and the allowance or disallowance by the Court of any application for attorneys' fees, costs, expenses, or reimbursement to be paid to Class Counsel are not part of the settlement of the Released Claims as set forth in this Settlement Agreement, and the Parties anticipate that they will be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement of the Released Claims as set forth in this Settlement Agreement. Any such separate order, finding, ruling, holding, or proceeding relating to any such applications for attorneys' fees and expenses, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to

them or reversal or modification of them, shall not operate to modify, terminate or cancel this Settlement Agreement or otherwise affect or delay the effectiveness or finality of the Final Order and Judgment or the Settlement.

## VII. MUTUAL RELEASE AND DISMISSAL OF ACTION

64. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties. The Released Claims shall be construed as broadly as possible to affect complete finality over this litigation involving the claims alleged in the Action and as set forth herein.

65. Members of the Class who have requested exclusion from the Settlement by the date set by the Court do not release their claims and will not obtain any benefits of the Settlement.

66. Upon the Effective Date, the Action shall be dismissed with prejudice. Plaintiffs and Class Counsel shall have the responsibility for ensuring that the Action is dismissed with prejudice in accordance with the terms of this Settlement Agreement.

67. The Court shall enter an order retaining jurisdiction over the Parties to this Settlement Agreement with respect to the future performance of the terms of this Settlement Agreement. In the event that any applications for relief are made, such applications shall be made to the Court.

68. Upon the Effective Date: (a) this Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Class Members; and (b) Plaintiffs and the Class Members stipulate to be and shall be permanently barred and enjoined by Court order

from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

## VIII. ADMINISTRATION OF THE SETTLEMENT

69.     Because the names of Class Members and other personal information about them will be provided to the Settlement Administrator for purposes of providing cash benefits and processing exclusion requests, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with Defendants and Class Counsel and will take all reasonable steps to ensure that any information provided to it by Class Members will be used solely for the purpose of effecting this Settlement.

70.     In fulfilling its responsibilities in providing Class Notice, the Settlement Administrator shall be responsible for, without limitation, consulting on and designing the notice to the Class. In particular, the Settlement Administrator shall be responsible for: (a) arranging for the printing and dissemination of the Notice pursuant to the requirements of this Settlement Agreement; (b) responding to requests from Class Counsel and/or Defense Counsel; (c) receiving and maintaining any Class Member correspondence regarding requests for exclusion and objections to the Settlement; (d) forwarding inquiries from Class Members to Class Counsel or their designee for a response, if warranted; (e) establishing a post office box for the receipt of exclusion requests and any correspondence; and (f) otherwise implementing and/or assisting with the claim review process and payment of the claims.

71.     The Settlement Administrator shall administer the Settlement in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall:

(a)     Treat any and all documents, communications and other information and materials received in connection with the administration of the Settlement

as confidential and shall not disclose any or all such documents, communications or other information to any person or entity except as provided for in this Settlement Agreement or by court order;

(b)     Receive exclusion and other requests and correspondence from Class Members to exclude themselves from the Settlement and provide to Class Counsel and Defense Counsel a copy thereof within three (3) days of receipt. If the Settlement Administrator receives any exclusion forms or other requests from Class Members to exclude themselves from the Settlement after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide Class Counsel and Defense Counsel with copies thereof; and

(c)     Receive and maintain all correspondence from any Class Member regarding the Settlement.

72.     The Settlement Administrator shall be reimbursed from the Settlement Fund for reasonable costs, fees, and expenses of providing notice to the Class and administering the Settlement in accordance with this Settlement Agreement in accordance with the approved contract terms.

73.     No person shall have any claim against Defendants, Defense Counsel, Plaintiffs, the Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement Agreement.

74.     Not later than seven (7) calendar days before the date of the Fairness Hearing, the Settlement Administrator shall file with the Court a list of those persons who have excluded themselves from the Settlement.

27

75.     The Settlement Administrator shall distribute benefits to eligible Qualified Claimants on a date that occurs only after the Effective Date.

76.     If the Settlement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made pursuant to this Settlement Agreement, except for the costs and expenses of the Settlement Administrator, which shall be paid out of the Escrow Account, and for which Plaintiffs and Defendants shall be equally responsible.

77.     In the event the Settlement Administrator fails to perform its duties, and/or makes a material or fraudulent misrepresentation to, or conceals requested material information from, Class Counsel, Defendant, and/or Defense Counsel, then the party to whom the misrepresentation is made shall, in addition to any other appropriate relief, have the right to demand that the Settlement Administrator immediately be replaced. No party shall unreasonably withhold consent to remove the Settlement Administrator. The Parties will attempt to resolve any disputes regarding the retention or dismissal of the Settlement Administrator in good faith, and, if they are unable to do so, will refer the matter to the Court for resolution.

78.     The Settlement Administrator shall coordinate with the attorneys to provide notice as required by Rule 23 and ordered by the Court.

IX.     **OBJECTIONS AND REQUESTS FOR EXCLUSION BY CLASS MEMBERS**

79.     Members of the Class who fail to file with the Court and serve upon the Settlement Administrator, Class Counsel, and Defense Counsel timely written objections in the manner specified in this Settlement Agreement and the Class Notice shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

80.     Any Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must, in addition to timely filing a written objection with the Court, send the written objection by U.S. mail to the Settlement Administrator with a copy by U.S. mail to Class Counsel and Defense Counsel postmarked no later than the date specified in the Preliminary Approval Order (currently 45 days after notice is mailed). Class Members who object must set forth: (a) their full name; (b) current address; (c) a written statement of their objection(s) and the reasons for each objection; (d) a statement of whether they intend to appear at the Fairness Hearing; (e) their signature; and (f) the case name and case number Objections must be served on Class Counsel and Defense Counsel as follows:

Upon Class Counsel at:

> SOMMERS SCHWARTZ, P.C.
> Matthew L. Turner
> One Towne Square, Suite 1700
> Southfield, Michigan 48076
> Fax: (248) 436-8453

Upon Defense Counsel at:

> Baker & McKenzie LLP
> Arthur J. Rooney
> 300 East Randolph Street
> Suite 5000
> Chicago, Illinois 60601
> Fax: (312) 698-2960

81.     No member of the Class shall be entitled to object to the Settlement, and no written objections or briefs submitted by any member of the Class shall be received or considered by the Court at the Fairness Hearing, unless written notice of the objecting class member's intention to appear at the Fairness Hearing and copies of any written objections and/or briefs shall have been filed and served on the Settlement Administrator, Class Counsel, and Defense Counsel on or

before the date specified in the Preliminary Approval Order. Objections that are mailed to the Court, or objections that are served on the Parties but not filed with the Court, shall not be received or considered by the Court at the Fairness Hearing.

82.     Members of the Class may elect to be excluded from the Settlement, relinquishing their rights to benefits hereunder. If a Member elects to be excluded from the Settlement, such exclusion will apply to any and all wage related claims that were potentially eligible for benefits under the Settlement Agreement. Members of the Class who request to be excluded from the Settlement will not release their claims pursuant to this Settlement Agreement. Putative class members wishing to be excluded from the Settlement must complete and timely submit an Opt-Out Form. Any Opt-Out Form must be postmarked on or before the exclusion deadline provided in the Court's Preliminary Approval Order. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether an Opt-Out Form was timely submitted. Members of the Class who fail to submit a valid and timely Opt-Out Form on or before the date specified in the Court's Preliminary Approval Order shall be bound by all terms of this Settlement Agreement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement.

83.     Any member of the Class who submits a timely Opt-Out Form may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement, including objecting to the Settlement Agreement.

84.     The Settlement Administrator shall promptly provide copies of all Opt-Out Forms, objections, and/or related correspondence from Class Members to Class Counsel and Defense Counsel. Not later than one (1) business days after the deadline for submission of requests for exclusion, the Settlement Administrator shall provide to Class Counsel and Defense

Counsel a complete exclusion list together with copies of the requests for exclusion and any additional information to this Agreement.

85.     If more than 5% of the Class Members exercise their right to opt out and be excluded from the Class and the Agreement, Defendant shall have the right, notwithstanding any other provisions in this Agreement, to withdraw from the Agreement and Settlement, where upon the Agreement will become null and void for all purposes, and may not be used or introduced in further litigation or any other proceeding of any kind, as to liability, damages, or any other matter, including whether any class/collective is certifiable. To be effective, Defendants must confirm their election to withdraw from the settlement in writing no later than five (5) business days after the close of the claims period.

86.     On the date set forth in the Preliminary Approval Order, a Fairness Hearing shall be conducted to determine final approval of the Settlement. A Motion in support of the Final Approval and Fairness Hearing shall be filed no later than three (3) calendar days before the Hearing date. Upon final approval of the Settlement by the Court at or after the Fairness Hearing, the Parties shall present the Final Order and Judgment to the Court for approval and entry.

## X.     SCOPE AND EFFECT OF CONDITIONAL CERTIFICATION OF THE CLASS SOLELY FOR PURPOSES OF SETTLEMENT

87.     For purposes of settlement only, the Parties agree to seek provisional certification of the Class. The Parties further agree that they will ask the Court to make preliminary findings and enter the Preliminary Approval Order (substantially in the form attached at Exhibit "D") granting provisional certification of the Class subject to final findings and ratification in the Final Order and Judgment, and appointing the Plaintiffs as the representatives of the Class and Class Counsel as counsel for the Class.

31

88.     Defendants do not consent to certification of the Class for any purpose other than to effectuate the Settlement of the Action. Defendants' agreement to conditional / class certification does not constitute an admission of wrongdoing, fault, liability, or damage of any kind to Plaintiffs or any of the putative class members.

89.     If this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Class for purposes of effectuating this Settlement Agreement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural status quo in accordance with this paragraph. Class Counsel shall not refer to or invoke the vacated findings and/or order relating to class settlement in the event this Settlement Agreement is not consummated and the case is later litigated and contested by Defendants.

## XI.     CONFIDENTIALITY AND AFFIRMATION BY CLASS COUNSEL

90.     All Counsel warrant and represent that they are expressly authorized to take all appropriate action required or permitted to be taken pursuant to this Agreement. All Counsel further warrant and represent that they do not represent any individual who wishes to bring any claim against Defendants based upon allegations similar to those alleged in this Litigation. Class Counsel represent that they have filed consent forms for every individual who has contacted them and indicated a desire to participate in this or similar Action against Defendants, and all Counsel are aware of no other individual who wishes to participate in this Action. All Counsel further warrant and represent that they and Plaintiffs have removed, to the extent possible, any

advertisements, postings, notices, publications, or other communications about this Action. To the extent permitted by the ethics rules, all Counsel will not post, issue, or publish any further communication about the Action, this Agreement, or the terms of the Parties' Settlement, except as authorized by the Court to provide class notice as stated in this Agreement, and except that Class Counsel may report the settlement in general terms without in any way disclosing the identity of the Parties or Defense Counsel, in Michigan Lawyers Weekly and Class Counsel's websites after supplying Defendants with a copy and obtaining approval, and such approval shall not be unreasonably withheld. Neither Plaintiff nor Class Counsel shall distribute any press release, respond to any media inquiries, make any statements to the press, or hold any press conference concerning this Agreement or its terms. At no time may Plaintiff or Class Counsel disclose this Agreement or its terms to any employee or former employee of Defendants who is not entitled to receive the Class Notice as stated in this Agreement, except as required by law or order of this Court, or as may be necessary to enforce the terms of this Agreement, and any such disclosure must be consistent with the Class Notice provided for in this Agreement.

## XII.   RETENTION OF RECORDS

91.    The Parties and Settlement Administrator shall retain all returned Settlement Class Notices and Claim Forms and correspondence from Class Members, in either original format or electronic duplicate, for a period of up to one year after the Effective Date. After this time, the Parties and Settlement Administrator may destroy any such records that they have in their possession.

92.    Within 60 days after the Effective Date, Class Counsel shall return to Defendant or destroy all confidential documents, data and information, and all copies thereof in their possession, custody, or control, provided to Class Counsel or anyone they employed or retained

in this Action. Class Counsel shall deliver a letter to Defendants certifying their compliance with this paragraph.

### XIII.   MODIFICATION OR TERMINATION OF THE SETTLEMENT

93.     The terms and provisions of this Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however that, after entry of the Final Order and Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all exhibits hereto) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Final Order and Final Judgment and do not materially alter, reduce or limit the rights of Class Members under this Settlement Agreement.

94.     In the event the terms or conditions of this Settlement Agreement, other than terms pertaining to the Attorneys' Fees and Expenses and/or Incentive Awards, are materially modified by any court, either party in its sole discretion to be exercised within fourteen (14) days after such a material modification may declare this Settlement Agreement null and void. In the event that a party exercises his/her/its option to withdraw from and terminate this Settlement Agreement, then the Settlement proposed herein shall become null and void and shall have no force or effect, the Parties shall not be bound by this Settlement Agreement, and the Parties will be returned to their respective positions existing immediately before the execution of this Settlement Agreement. Notwithstanding the foregoing paragraph, in the event this Settlement Agreement is not approved by any court, or the Settlement set forth in this Settlement Agreement is declared null and void, or in the event that the Effective Date does not occur, Class Members, Plaintiffs, Class Counsel, and Defense Counsel shall not in any way be

34

responsible or liable for any costs of notice and administration associated with this Settlement or this Settlement Agreement, except that each Party shall bear its own attorneys' fees and costs and Defendants' future payment obligations shall cease.

## XIV.  SETTLEMENT IS NOT EVIDENCE AGAINST PARTIES

95.     The Parties expressly acknowledge and agree that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent state law or rule. In no event shall this Settlement Agreement, any of its provisions or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce this Settlement Agreement or the rights of the Parties or their counsel. Without limiting the foregoing, neither this Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, Defendants, the Released Parties, Plaintiffs, or the Class, or as a waiver by Defendants, the Released Parties, Plaintiffs, or the Class of any applicable privileges, claims or defenses.

96.     The provisions contained in this Settlement Agreement are not and shall not be deemed a presumption, concession, or admission by Defendants of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, nor shall they be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding,

whether civil, criminal or administrative. Defendants expressly deny the allegations in the Action. Defendants do not admit that they or any of the Released Parties have engaged in any wrongful activity or that any person has sustained any damage by reason of any of the facts complained of in the Action. Defendants do not consent to certification of the Class for any purpose other than to effectuate the Settlement of the Action.

## XV.   BEST EFFORTS

97.    Class Counsel shall take all necessary actions to accomplish approval of the Settlement, the Class Notice, and dismissal of the Action. The Parties (including their counsel, successors, and assigns) agree to cooperate fully and in good faith with one another and to use their best efforts to effectuate the Settlement, including without limitation in seeking preliminary and final Court approval of this Settlement Agreement and the Settlement embodied herein, carrying out the terms of this Settlement Agreement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement. In the event that the Court fails to approve the Settlement or fails to issue the Final Order and Judgment, the Parties agree to use all reasonable efforts, consistent with this Settlement Agreement to cure any defect identified by the Court.

98.    Each Party will cooperate with the other Party in connection with effectuating the Settlement or the administration of claims thereunder. Any requests for cooperation shall be narrowly tailored and reasonably necessary for the requesting Party to recommend the Settlement to the Court, and to carry out its terms.

## XVI.   MISCELLANEOUS PROVISIONS

99.    The Parties agree that the recitals are contractual in nature and form a material part of this Settlement Agreement.

100.    This Settlement Agreement and its accompanying Exhibits set forth the entire understanding of the Parties. No change or termination of this Settlement Agreement shall be effective unless in writing and signed by Class Counsel and Defense Counsel. No extrinsic evidence or parol evidence shall be used to interpret this Settlement Agreement.

101.    Any and all previous agreements and understandings between or among the Parties regarding the subject matter of this Settlement Agreement, whether written or oral, are superseded and hereby revoked by this Settlement Agreement. The Parties expressly agree that the terms and conditions of this Settlement Agreement will control over any other written or oral agreements.

102.    All of the Parties warrant and represent that they are agreeing to the terms of this Settlement Agreement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Settlement Agreement with their attorneys and that the terms and conditions of this document are fully understood and voluntarily accepted.

103.    The Parties agree to support the final approval and implementation of this Agreement and defend it against objections, appeal, or collateral attack.  Neither the Parties nor their Counsel, directly or indirectly will encourage any person to object to the Settlement.

104.    The waiver by any Party of a breach of any term of this Settlement Agreement shall not operate or be construed as a waiver of any subsequent breach by any Party. The failure of a Party to insist upon strict adherence to any provision of this Settlement Agreement shall not constitute a waiver or thereafter deprive such Party of the right to insist upon strict adherence.

105.    The headings in this Settlement Agreement are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

106.    This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument. The date of execution shall be the latest date on which any Party signs this Settlement Agreement.

107.    This Settlement Agreement has been negotiated among and drafted by Class Counsel and Defense Counsel. Plaintiffs, Class Members, and Defendants shall not be deemed to be the drafter of this Settlement Agreement or of any particular provision, nor shall they argue that any particular provision should be construed against its drafter or otherwise resort to the contra proferentem canon of construction. Accordingly, this Settlement Agreement should not be construed in favor of or against one Party as to the drafter, and the Parties agree that the common law principles of construing ambiguities against the drafter shall have no application. All Parties agree that counsel for the Parties drafted this Settlement Agreement during extensive arms' length negotiations. No parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this Settlement Agreement was made or executed.

107.    Defendants represent and warrant that the individual(s) executing this Settlement Agreement are authorized to enter into this Settlement Agreement on behalf of Defendants.

108.    Any disagreement and/or action to enforce this Settlement Agreement shall be commenced and maintained only in the Court in which the Action is pending.

109.    If any deadline provided for in this agreement falls on a Holiday or weekend, it shall be advanced to the next business day. All other dates following such an advancement shall remain unaffected.

110.    Whenever this Settlement Agreement requires or contemplates that one of the Parties shall or may give notice to the other, notice shall be provided by e-mail and/or next-day (excluding Saturdays, Sundays and Legal Holidays) express delivery service as follows:

Upon Class Counsel at:

> Sommers Schwartz, P.C.
> Matthew L. Turner
> One Towne Square, Suite 1700
> Southfield, Michigan 48076
> Fax: (248) 436-8453

Upon Defendants' Counsel at:

> Baker & McKenzie LLP
> Arthur J. Rooney
> 300 East Randolph Street
> Suite 5000
> Chicago, Illinois 60601
> Fax: (312) 698-2960

111.    The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

112.    This Settlement Agreement may be signed with a facsimile signature and in counterparts, each of which shall constitute a duplicate original.

113.    The Parties believe that this Settlement Agreement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Settlement through arms'-length negotiations, taking into account all relevant factors, present and potential.

IN WITNESS WHEREOF, the Parties hereto, and intending to be legally bound hereby, have duly executed this Settlement Agreement as of the date set forth below.

**PLAINTIFFS:**

Date:_____     By:_____

                                   Printed Name:  Tina Atkinson

Date:_____     By: _____

                                   Printed Name:  Christopher Cashion

Date:_____     By:_____

                                   Printed Name:  Abigail Colley

Date:_____     By:_____

                                   Printed Name:  Patricia Colon

Date:_____     By:_____

                                   Printed Name:  Sheree De Pass

Date:_____     By:_____

                                   Printed Name:  Rachael Dunn

Date:_____     By:_____

                                   Printed Name:  April Rae Ellensworth

Date:_____     By:_____

                                   Printed Name:  Evelyn Fazio

Date:_____     By:_____

                                   Printed Name:  Jessica Frazier

Date:_____     By:_____

                                   Printed Name:  Florence Gianforte

Date:_____     By:_____

                                Printed Name:  Bonnie Graves

Date:_____     By:_____

                                Printed Name:  Richard Hall

Date:_____     By:_____

                                Printed Name:  Natasha Joaquin

Date:_____     By:_____

                                Printed Name:  Christopher Johnson

Date:_____     By:_____

                                Printed Name:  Kathryn Kinzer

Date:_____     By:_____

                                Printed Name:  Vicky Logan

Date:_____     By:_____

                                Printed Name:  Heather Mahlin

Date:_____     By:_____

                                Printed Name:  Rachel Marshall

Date:_____     By:_____

                                Printed Name:  Frank Mathies

Date:_____     By:_____

                                Printed Name:  Devralai Morton

Date:_____     By:_____

                                Printed Name:  Shelly Primus

Date:_____     By:_____

                                Printed Name:  Steven Stablein

Date:_____        By:_____

                                    Printed Name:  Karen Stout

Date:_____        By:_____

                                    Printed Name:  Amber Weekly

Date:_____        By:_____

                                    Printed Name:  Christina Williams

**DEFENDANTS:**

Date:_____        By:_____

                                    Printed Name:_____

                                    Title:_____

**Reviewed And Approved As To Form:**

Date:_____        By:_____

                                    Printed Name:_____

                                    Title: Class Counsel_____

Date:_____        By:_____

                                    Printed Name:_____

                                    Title: Defense Counsel_____

# A
## <u>CLAIM FORM</u>

### *Atkinson, et al. v. TeleTech Holdings, Inc., et al.*

If you wish to participate in the Settlement and receive a Settlement Award, you must fully complete, sign, and date this Claim Form and the IRS Forms W-4 and W-9 and mail them to the Settlement Administrator at the following address via First Class United States Mail, postmarked on or before *[60 days from initial mailing]*:

### *[Insert Settlement Administrator Address]*

If your Claim Form and the IRS Forms W-4 and W-9 are not postmarked on or before *[60 days from initial mailing]*, you will not be eligible to receive a Settlement Award.

It is your responsibility to keep a current address on file with the Settlement Administrator. Please make sure to notify the Settlement Administrator of any changes of address or you may not receive your settlement benefits.

[To be pre-inserted by Settlement Administrator:]   [To be provided by employee:]

Name and Current Address

Claim Number:_____   _____

Name:_____   _____

Address:_____   _____

City, State Zip Code:_____   Telephone No._____

By signing below, I confirm that I was employed as an hourly home-based customer service related employee for TeleTech Holdings, Inc. and/or TeleTech@Home, Inc. at some point from August 1, 2011 through February 21, 2016. I also declare under penalty of perjury the following: (i) I have received and had an opportunity to review the Notice of Class Action Settlement ("Notice"); (ii) I am agreeing to the release of claims described in the Notice; (iii) I will be bound by the other terms of the Settlement described in the Notice; and (iv) I submit to the personal and exclusive jurisdiction of the United States District Court for the Southern District of Ohio for purposes of enforcing the release.

Signature:_____

Date:_____

# B
## NOTICE OF CLASS ACTION SETTLEMENT

## *Atkinson, et al. v. TeleTech Holdings, Inc., et al.*

A settlement (the "Settlement") has been reached in the lawsuit currently pending in the United States District Court for the Southern District of Ohio entitled *Atkinson, et al. v. TeleTech Holdings, Inc., et al.,* Case No. Case No. 3:14-cv-00253-WHR (the "Lawsuit"). As explained in more detail below, to fully participate in the Lawsuit and receive a portion of the Settlement, you must complete, sign, and return the enclosed Claim Form and IRS Forms W-4 and W-9 by *[60 days from initial mailing]*, 2016. If you fail to submit the valid Claim Form and IRS Forms W-4 and W-9 in time, you will not be eligible to participate and will not receive any payment from this Settlement.

## A.    PURPOSE OF THIS NOTICE

The Court has approved, for settlement purposes only, distribution of this Notice to the following potential members of the class action ("Potential Claimants"):

> All current and former hourly home-based customer service related employees, including agents, customer service representatives, and all other hourly employees in similar positions, who worked for Defendants at any time between August 1, 2011 and February 21, 2016.

According to Defendants' records, you are a Potential Claimant and may be eligible to participate in the Settlement. The purpose of this Notice is to inform you about the Settlement and to discuss your rights and options with respect to the Lawsuit and the Settlement so that you may make an informed decision on whether to participate, opt-out of the Settlement, or participate and lodge a written objection to the Settlement terms as provided in this Notice.

## B.    DESCRIPTION OF THE LAWSUIT

The Lawsuit was filed in the United States District Court for the Southern District of Ohio by Tina Atkinson, Christopher Cashion, Abigail Colley, Patricia Colon, Sheree De Pass, Rachael Dunn, April Rae Ellensworth, Evelyn Fazio, Jessica Frazier, Florence Gianforte, Bonnie Graves, Richard Hall, Rachel Jefferson, Natasha Joaquin, Christopher Johnson, Kathryn Kinzer, Vicky Logan, Heather Mahlin, Rachel Marshall, Frank Mathies, Devralai Morton, Shelly Primus, Steven Stablein, Karen Stout, Amber Weekly, and Christina Williams ("Plaintiffs" or "Class Representatives") against TeleTech Holdings, Inc., TeleTech@Home, Inc, and Kenneth Tuchman ("Defendants"). Plaintiffs allege on behalf of themselves and others that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and various state laws by failing to pay them for all hours worked, including overtime hours, performing the pre-shift, post-shift, and pre- and post-meal break preparatory activities of booting up computers and logging into and out of computer systems, along with mid-shift technical downtime issues. The Court conditionally certified the Lawsuit as a collective action under the FLSA and numerous plaintiffs filed their consent to join the case ("Opt-in Plaintiffs").

Defendants deny the allegations in the Lawsuit and assert, among other defenses, that Plaintiffs and all others were properly paid for all hours worked, including overtime.

The Court did not decide which side was right. Both sides agreed to the Settlement to resolve the Lawsuit. This Settlement is the result of arms-length negotiations between the Plaintiffs and the

1

Defendants and their respective attorneys that took almost one-year to finalize. Both sides agree that this Settlement is fair and appropriate under the circumstances to resolve any claim for unpaid wages.

The attorneys for the Plaintiffs, Opt-in Plaintiffs, and Potential Claimants in the Lawsuit ("Class Counsel") are:

Matthew L. Turner
Jesse L. Young
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076
Telephone: (248) 355-0300
mturner@sommerspc.com
jyoung@sommerspc.com

Jason T. Brown
Nicholas R. Conlon
JTB Law Group, L.L.C.
155 2nd Street, Suite 4
Jersey City, NJ 07302
Telephone: (201) 630-0000
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

The attorneys for Defendants are ("Defendants' Counsel"):

Arthur J. Rooney
Baker & McKenzie LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601
Telephone: (312) 861-2838
arthur.rooney@bakermckenzie.com

On **[insert date]**, 2016, the Court granted preliminary approval of the Settlement.

## C. SUMMARY OF TERMS OF THE SETTLEMENT

The material terms of the Settlement are as follows:

- Defendants will allocate Three Million Five Hundred Thousand Dollars and No Cents ($3,500,000.00) (the "Maximum Settlement Amount") to pay: (a) the proper and timely claims of the Potential Claimants, as well as those of the Plaintiffs and Opt-in Plaintiffs; (b) settlement administration costs; (c) Class Counsel's fees and litigation costs; and (d) incentive awards to the Class Representatives.

- Class Counsel will make an application to the Court for attorneys' fees in the amount of One Million One Hundred Sixty-Six Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($1,166,666.67) and costs in the amount of up to One Hundred Seventy-Five Thousand Dollars and No Cents ($175,000), including costs paid to administer the Settlement.

- The Class Representatives will each make an application to the Court for incentive awards in recognition of their service to the Potential Claimants which together shall not exceed $65,000.

- After deduction from the Maximum Settlement Amount for administration of the Settlement, the incentive awards, and Class Counsel's fees and costs, a Settlement Fund will be created to provide settlement payments to Plaintiffs, Opt-in Plaintiffs, and Potential Claimants who timely submit a properly completed Claim Form and IRS Forms W-4 and W-9 AND who were employed by Defendants for a minimum of four full workweeks (collectively, "Qualified Claimants").

- Qualified Claimants will be eligible to receive the greater of a minimum payment of twenty-five dollars ($25) or the value of his or her individual claim, which is based on the Qualified Claimant's time and pay data during a three-year period ("Settlement Award").

- To calculate the value of each Qualified Claimant's Settlement Award, the Settlement Administrator will add 15 minutes per shift to the weekly time data provided by Defendants, and multiply any additional unpaid time worked by each Qualified Claimant by their applicable regular hourly rate for all time under 40 hours in each workweek and by one and one-half times their applicable regular hourly rate for all time over 40 in each workweek. The value of the Settlement Awards may change depending upon how much of the Settlement Fund is ultimately claimed by other Qualified Claimants.

- The Settlement Administrator shall make all necessary calculations in accordance with the above for all Qualified Claimants and provide lead counsel for each party with the calculations. The parties will have seven calendar days to review and dispute the calculations in writing or they will become final.

- If after the claim period has closed the value of the Settlement Awards is less than 30% of the Settlement Fund, then the value of the individual Settlement Awards to be provided to each Qualified Claimant shall be increased on a *pro rata* basis, such that the aggregate value of the cash payments equals 30% of the Settlement Fund. The Settlement Administrator shall determine each Qualified Claimant's *pro rata* share based on the time and pay records used to calculate the individual Settlement Awards. Any portion of the Settlement Fund amount above the 30% minimum that is not distributed to Qualified Claimants shall remain the property of, and/or revert back to, the Defendants.

- If the Court approves the Settlement, it will enter a judgment that will dismiss the Lawsuit with prejudice. This means that the Plaintiffs, Opt-in Plaintiffs, and Potential Claimants who timely submit a Claim Form and/or who fail to timely opt out of the Settlement will be barred from bringing their own lawsuits for recovery on any released claims against Defendants. Specifically, all Potential Claimants who do not exclude themselves from the Settlement shall have fully, finally, and forever settled and released any and all claims, liabilities, and causes of action of every nature and description whatsoever against Defendants that were asserted in, arise out of, or are related to the subject matter of the Lawsuit, including any claim for unpaid wages, overtime wages, minimum wages and/or liquidated damages, interest, attorneys' fees, and litigation costs under the state wage and hour laws, and state breach of contract theories related to unpaid wages, that accrued from August 1, 2011 through February 21, 2016. As permitted by law, Potential Claimants who submit a Claim Form will be barred from bringing their own lawsuit for recovery on any claim under the FLSA. **No Potential Claimant will be discriminated or retaliated against for participating in the Settlement**.

- If the Court does not approve the Settlement, the Lawsuit will proceed as if no settlement has been attempted. In that event, Defendants retain the right to contest whether the Lawsuit should proceed as a collective / class action and to contest the merits of the claims being asserted by the Plaintiffs in this action. If the Settlement is not approved, there can be no assurance that the Potential Claimants will recover more than is provided for in this Settlement, or indeed, anything.

## D.     TO RECEIVE A SETTLEMENT PAYMENT

In order to receive a payment under the Settlement, you must *fully and accurately* complete, sign and mail the enclosed Claim Form, W-4 Form and W-9 Form to the Settlement Administrator at the address listed below. Completed Claim Forms can only be accepted by the Settlement Administrator, and not by any attorneys or the Court. *Your Claim Form and IRS Forms W-4 and W-9 must be postmarked no later than*

***[60 days from initial mailing]***, 2016. *Late or incomplete Claim Forms will not be honored.*

The **Settlement Administrator** – to whom all forms and questions should be directed is:

*Atkinson v. TeleTech* Settlement Administrator
***[insert address and phone number]***

| **E.** | **OBJECTIONS, EXCLUSION (OPT OUT) AND FINAL APPROVAL HEARING ON SETTLEMENT** |
|---|---|

If you believe the proposed Settlement is inadequate, but you would still like to participate in the Settlement, you may object to the Settlement by filing a written Objection clearly describing why you believe the Settlement is not fair or reasonable with the Court and mailing a copy of each to Class Counsel and Defendants' Counsel at the addresses above ***post-marked no later than [45 days from initial mailing].*** If you simply do not want to be included in the settlement for any reason, y*our Opt-Out Form must be **post-marked no later than [45 days from initial mailing].*** *Late or incomplete Objections or Opt-Out Forms will not be honored.*

The Court will hold a Final Settlement Approval Hearing regarding the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, and the incentive awards on ***[insert date]***, 2016 at ***[insert time]***, United States District Court for the Southern District of Ohio, Federal Building, Room 909, 200 W. Second Street, Dayton, Ohio 45402. At the Hearing, Potential Claimants will be permitted to voice any objection to the proposed Settlement by appearing in person or by submitting written objections in advance. If the Court were to find the Settlement unfair, it would be rendered null and void and the parties would revert to their prior litigation status. If the Settlement were found to be fair, it would be approved, the Defendants would be directed to distribute payments, and the case would be closed. The Final Settlement Approval Hearing may be continued without further notice to Claimants.

| **F.** | **SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** |
|---|---|

| | |
|---|---|
| **CLAIM A PAYMENT** | To receive a payment, you must complete, sign and mail back the enclosed Claim Form and IRS Forms W-4 and W-9, and the Claim Form must be postmarked by ***[60 days from initial mailing].*** By making a claim for payment under the Settlement, you will be bound by the Settlement and release your wage and hour claims against Defendants. |
| **DO NOTHING** | If you do nothing, you will not receive a payment and you cannot object to the Settlement. You will also be bound by the Settlement and release your state wage and hour claims against Defendants. Your rights under the Fair Labor Standards Act will not be released. |
| **OPT-OUT** | If you choose to opt-out of the Settlement, you will not be entitled to any payment and will not be entitled or permitted to assert an objection to the Settlement. You will retain all of your legal claims you may have against Defendants. Written requests to opt out must be completed, signed, and postmarked by ***[45 days from initial mailing].*** |

| OBJECT | You may write to the Court to join this lawsuit but describe why you believe the Settlement is not fair or reasonable and mail a copy of each to Defendants' and Class Counsel at the addresses above. You must object in writing in by *[45 days from initial mailing]* in order to speak to the Court at the Final Settlement Approval Hearing (described above) about the fairness of the Settlement. Regardless of the ruling on your objection, you will be included in the Settlement. |
|---|---|

## G. ADDITIONAL INFORMATION

If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Settlement Administrator at the above address and telephone number.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

5



## OPT-OUT FORM

### *Atkinson, et al. v. TeleTech Holdings, Inc., et al.*

## I.      PERSONAL INFORMATION

Name:_____

Address:_____

City, State Zip Code:_____

Telephone Number:_____

## II.      REQUEST FOR EXCLUSION

By signing and returning this Form, I certify that I have carefully read the Notice of Class Action Settlement ("Class Notice") and that I wish to be excluded from the Settlement described therein. **I understand that this means that I will not receive any money or other benefits under the Settlement, and I will not be subject to the terms of the Settlement.**

## III.      MAILING INSTRUCTIONS

If you choose to return this Form, you must return it to the Settlement Administrator postmarked on or before **[INSERT DATE 45 DAYS AFTER NOTICE WAS SENT]**, 2016 at the address listed below:

| SETTLEMENT ADMINISTRATOR CONTACT INFORMATION |
| --- |

In addition, you must send copies of this Form to Class Counsel, and Counsel for Defendants postmarked on or before **[INSERT DATE 45 DAYS AFTER NOTICE WAS SENT]**, at the addresses listed below:

| Class Counsel | Defendant's Counsel |
| --- | --- |
| SOMMERS SCHWARTZ, P.C. | BAKER & MCKENZIE LLP |
| c/o Matthew L. Turner, Esq. | c/o Arthur J. Rooney |
| One Towne Square, Suite 1700 | 300 East Randolph Street, Suite 5000 |
| Southfield, Michigan 48076 | Chicago, Illinois 60601 |

## IV.      CERTIFICATION

I hereby certify that the contents of this Opt-Out Form are true and accurate, and that I have read and understand the Class Notice.

## V.      PLEASE SIGN BELOW

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Signature:_____      Date:_____