IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TINA ATKINSON, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> TELETECH HOLDINGS, INC., *et al.*, <br><br> Defendants. | Case No. 3:14-cv-00253-WHR <br><br> Judge Walter H. Rice <br><br> Magistrate Judge Michael R. Merz |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL**

On August 1, 2014, Named Plaintiffs Tina Atkinson, Richard Hall, and Shelly Primus filed this lawsuit against Defendant on behalf of themselves and all other similarly situated home-based customer service agents ("CSAs") to recover overtime pay that they alleged Defendants withheld in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, ("FLSA") and applicable state law. On February 26, 2015, the Court granted Plaintiffs' motion for Conditional Certification and Judicial Notice (*See* Doc. 34) Including the Named Plaintiffs, 2,792 individuals returned signed consent forms, which Plaintiffs' Counsel filed with the Court.

On October 16, 2016 Plaintiffs filed their Second Amended Complaint to include a total of twenty-five (25) individuals as Named Plaintiffs. In addition to the FLSA, Plaintiffs' Second Amended Complaint asserted claims under the wage-and-hour statutes of Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Illinois, Iowa, Kentucky, Kansas, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Mexico, New York, Ohio, Oklahoma, Pennsylvania, South Carolina, West Virginia, and Wisconsin, as well as common law claims for unjust enrichment and breach of contract.

1

After participating in two in-person mediation sessions with an experienced mediator in October 2015 and January 2016, the parties reached an agreement to resolve this case. The terms of that agreement are memorialized in the parties' Settlement Agreement. Without conceding the validity of Plaintiffs' claims and without admitting liability, Defendant agreed to create a Settlement Fund of $3,500,000 to resolve the litigation.

On April 18, 2016, the Court granted Plaintiffs' Unopposed Motion for Preliminary Approval of Collective Action Settlement, Class Action Settlement, Certifying Class for Purposes of Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing ("Preliminary Approval Order"). The Preliminary Approval Order (1) approved of the parties' FLSA settlement; (2) confirmed the Court's prior certification of the Ohio Rule 23 Class, the appointment of Sommers Schwartz, P.C. and JTB Law Group L.L.C. as Class Counsel and the twenty-five (25) Named Plaintiffs as Class Representatives; (3) approved of the parties' proposed settlement notice; (4) approved of the parties' proposed class action settlement procedure; and (5) scheduled a fairness hearing after the close of the settlement notice period.

Following the Court's Preliminary Approval Order, the parties' Settlement Administrator sent the Court-approved notice to the 19,703 Settlement Class members on May 9, 2016. The notice informed the Plaintiffs and Settlement Class members of the total amount of the settlement, their right to reject, request exclusion from, or to object to the settlement. It further stated Class Counsel's intention to seek attorneys' fees in the amount of 33% of the total settlement amount. A total of eighty-seven (87) individuals requested to be excluded from the

settlement. Two (2) individuals sent letters to Class Counsel objecting to the settlement, but neither individual filed their objections.[1]

On July 18, 2016, Plaintiffs filed their Motion for Final Settlement Approval and Approval of Attorneys' Fees, Costs, and Class Representative Awards. Defendant did not oppose either motion. The Court held a fairness hearing on July 25, 2016.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, Costs, and Class Representative Awards, the supporting memoranda, and the complete record in this matter, and for good cause shown:

1. The Court hereby GRANTS the Motion for Final Approval and finally approves the settlement as set forth in the Settlement Agreement under Rule 23 and the FLSA. The Court, for purposes of this Order, adopts all defined terms set forth in the Settlement Agreement. The Court finds that the settlement is fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Kritzer v. Safelite Solutions, LLC*, 2012 WL 1945144, at *6 (S.D. Ohio May 30, 2012) (citation omitted). The Court finds that this action satisfies the requirements of Rule 23 for settlement purposes only and further finds that the Classes have at all times been adequately represented by the Class Representatives and Class Counsel. The notice approved by the Court was provided by First Class direct mail to the last-known address of each of the individuals identified as Class Members. In addition, follow-up efforts were made to send the notice to those individuals whose original notices were returned as undeliverable. The notice

---

[1] The Court's April 18, 2016 Preliminary Approval Order stated: "Any Class Member who wishes to object in any way to the proposed Settlement Agreement must *file* and serve such written objections per the instructions set forth in the Settlement Notice…." (emphasis added). The Settlement Notice advised Plaintiffs and Settlement Class members of their right to "object to the Settlement by filing a written Objection clearly describing why you believe the Settlement is not fair or reasonable with the Court and mailing a copy of each to Class Counsel and Defendants' Counsel…." (Doc. 111-1-A – B.)

adequately described all of the relevant and necessary parts of the proposed Settlement, and Class Counsel's motion for an award of attorneys' fees and costs. The Court finds that the notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members. The Court has concluded that the Settlement, as set forth in the Settlement Agreement executed by the parties, is fair, reasonable, and adequate under state and federal laws, including the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the $3,500,000 settlement amount established pursuant to the Settlement Agreement.

2. The Settlement is HEREBY APPROVED in its entirety.

3. The Settlement Fund shall be dispersed in accordance with the Settlement Agreement as detailed in Plaintiffs' Unopposed Motion for Final Settlement Approval.

4. Pursuant to the Settlement Agreement, the Court approves awards in the amount of $2,500 to Named Plaintiffs Tina Atkinson, Christopher Cashion, Abigail Colley, Patricia Colon, Sheree De Pass, Rachael Dunn, April Rae Ellensworth, Evelyn Fazio, Jessica Frazier, Florence Gianforte, Bonnie Graves, Richard Hall, Natasha Joaquin, Christen Johnson, Kathryn Kinzer, Vicky Logan, Heather Mahlin, Rachel Marshall, Frank Mathies, Devralai Morton, Shelly Primus, Steven Stablein, Karen Stout, Amber Weekly, and Christina Williams, and $2,500 to Opt-in Plaintiff Rachel Jefferson, for a total amount of $65,000.00.

5. Plaintiffs' Counsel's requested fees and hourly rates are reasonable and their application for attorneys' fees in the amount of $1,166,666.67 and litigation expenses and costs in the amount of $_____ (not to exceed $175,000.00) is hereby granted.

6. As provided in the Settlement Agreement, all Settlement Class Members who did not opt out of the Settlement have released all claims that arise out of or are related in any way to Defendants' alleged failure to pay for work performed in any position during employment with Defendants, including for unpaid overtime, unpaid wages, and for damages or compensation of any kind for allegedly unpaid work, including for costs, expenses, and attorneys' fees, whether such claim arises under common law or pursuant to state statute, ordinance, or regulation, including all claims under the applicable state wage and hour laws.

7. As provided in the Settlement Agreement, all Plaintiffs and Opt-in Plaintiffs, as well as all Settlement Class Members who returned timely Claim Forms release any claims under the Fair Labor Standards Act.

8. This case is hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Stipulation and Settlement Agreement, including over disbursement of the Settlement Amount.

9. The Court hereby enters Judgment approving the terms of the Settlement. This Order shall constitute a Final Judgment for purposes of Fed. R. Civ. P. 58.

Dated this 25th day of July, 2016.

By: _____
Honorable Walter H. Rice
U.S. District Court, Southern District of Ohio